**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AARON MAJOR, | | No. 4:25-CV-02156 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | |
| K. BRITTAIN, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION**

**FEBRUARY 24, 2026**

Plaintiff Aaron Major filed the instant *pro se* Section 1983[1] action, alleging

constitutional violations by officials at the State Correctional Institution, Frackville

(SCI Frackville) regarding his conditions of confinement.  The Court will dismiss

Major's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim

for relief but will grant him leave to amend.

**I.      STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se*

prisoner complaints targeting governmental entities, officers, or employees.[2]  One

basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional
      wrongs committed by state officials.  The statute is not a source of substantive rights; it serves
      as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ.
      v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the]

---

[3]  *Id.* § 1915A(b)(1).

[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Major proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Major, is incarcerated.[14]

## II.   DISCUSSION

Major's complaint is straightforward and concise.  He asserts that since his arrival at SCI Frackville in 2012, his constitutional rights have been violated by being housed in a double cell.[15]  He concedes that his Unit Management Teams have informed him that he does "not fit the set criteria for a single cell,"[16] yet he

---

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  *See* Doc. 1 at 4-5.
[16]  *See id.* at 4.

alleges that the cells at SCI Frackville are "not in compliance with the standards to house two inmates."[17] He maintains that his cramped living conditions have caused depression, anxiety, and insomnia, and that they lead to verbal and physical confrontations with his cell mates.[18] He thus concludes that his conditions of confinement violate the Eighth Amendment's prohibition of cruel and unusual punishment and the Fourteenth Amendment's equal protection guarantee.[19]

Major names five defendants: Superintendent K. Brittain, Grievance Coordinator B. Lazusky, S. Kane, T. Sokaloski (an SCI Mahanoy employee), and S. Kephart (who is retired).[20] He seeks compensatory and punitive damages, as well as injunctive relief in the form of "single cell status" and transfer to a different prison.[21] Upon review of Major's complaint, as required by 28 U.S.C. § 1915A(a), he fails to state a claim upon which relief may be granted. The Court will address his pleading deficiencies in turn.

## A.     Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[22] Rather, a Section

---

[17]  *See id.*
[18]  *See id.*
[19]  *See id.* at 5.
[20]  *See id.* at 2-3.
[21]  *See id.* at 5.
[22]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[23]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[24]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[25]

Major's first and primary pleading deficiency is his failure to allege personal involvement for any Defendant.  Although he names five Defendants in the defendant-identification section of the form complaint, he does not include any specific allegations of wrongdoing that would establish personal involvement by these Defendants in the purported constitutional violations.  In other words, Major never pleads what each Defendant did or did not do.  Major, however, must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a Section 1983 claim against them.  Accordingly, the Court must

---

[23]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[24]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[25]  *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

dismiss the complaint against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1)

for lack of personal involvement.

### B. Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that

"[n]o State shall . . . deny to any person within its jurisdiction the equal protection

of the laws."[26]  To state a Fourteenth Amendment equal protection claim, a

prisoner must allege "that he was treated differently than other similarly situated

inmates, and that this different treatment was the result of intentional

discrimination based on his membership in a protected class[.]"[27]  An equal

protection claim can also be asserted under a "class of one" theory, whereby a

plaintiff alleges that a state actor intentionally treated him differently than others

who are similarly situated "and there is no rational basis for the difference in

treatment."[28]

Major fails to plausibly state an equal protection violation.  He does not

allege membership in a protected class or intentional discrimination based on this

membership, and thus he appears to be attempting to raise a "class of one" equal

protection claim.  Nevertheless, he has failed to identify others who are similarly

situated to him and who received intentionally different treatment by a Defendant

---

[26]  U.S. Const. amend. XIV, § 1.
[27]  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).
[28]  *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

(or Defendants) without a rational basis, and thus he has failed to plausibly plead a class-of-one equal protection claim against any Defendant.[29]  So Major's Fourteenth Amendment equal protection claim must be dismissed pursuant to Section 1915A(b)(1) for failure to state a claim.

### C.      Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[30] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[31]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[32] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[33]  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or

---

[29]  *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (nonprecedential) (finding that prisoner failed to state an equal protection claim because he did not "allege facts showing that he was similarly situated to the inmates who received [better medical treatment], or that there was no rational basis for his different treatment.").

[30]  *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

[31]  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).

[32]  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)

[33]  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).

safety."[34]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[35]  Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[36]

Major's Eighth Amendment claim fails at both elements.  First, he has not identified a sufficiently serious deprivation.  It is well-settled that double (and even triple) celling—in itself—is not per se unconstitutional.[37]  Beyond being double celled, the only other housing condition Major mentions in his complaint is that the cells at SCI Frackville "are not in compliance with the standards to house two inmates."[38]  In this regard, he appears to be referencing documents he attached to his complaint, wherein a member of the SCI Frackville maintenance department (S. Kane) wrote a memo stating that "unencumbered space in general population

---

[34]  *Id.* (citing *Farmer*, 511 U.S. at 834).

[35]  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

[36]  *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).

[37]  *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996); *see also Hubbard v. Taylor*, 538 F.3d 229, 232-36 (3d Cir. 2008) (holding that triple celling pretrial detainees for three to seven months did not violate the Due Process Clause of the Fourteenth Amendment); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("It is clear that double or triple celling of inmates is not *per se* unconstitutional."); *Camps v. Giorla*, 843 F. App'x 450, 452-53 (3d Cir. 2021) (nonprecedential) (triple celling pretrial detainees did not violate Fourteenth Amendment); *Parkell v. Morgan*, 682 F. App'x 155, 158 (3d Cir. 2017) (nonprecedential) (same); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (nonprecedential) (noting that triple celling is not *per se* unconstitutional and holding that triple bunking inmate, in the absence of other unconstitutional conditions, did not amount to an Eighth Amendment violation); *McCree v. Sherrod*, 408 F. App'x 990, 992-93 (7th Cir. 2011) (holding that triple celling does not "constitute cruel and unusual punishment per se").

[38]  *See* Doc. 1 at 4.

cells [at SCI Frackville] is three square feet short of compliance" and requested a waiver during "Accreditation."[39]  These conditions alone do not implicate "wanton and unnecessary infliction of pain,"[40] and thus do not rise to the level of sufficiently serious deprivation.

Major likewise fails to plead deliberate indifference by any Defendant.  He does not allege that any named Defendant was aware of the purportedly unconstitutional conditions of confinement, nor that any Defendant was deliberately indifferent to the conditions or a substantial risk of serious harm to inmates.  As noted above, Major does not provide *any* allegations of Defendants' personal involvement.  Thus, Major's failure to plausibly allege either element of an Eighth Amendment conditions-of-confinement claim is an additional reason that his complaint must be dismissed under Section 1915A(b)(1).

### D.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[41]  Major will be granted leave to amend in the event that he can plead additional facts that would plausibly state a claim for relief.

---

[39]    *See* Doc. 1-2 at 8.
[40]    *Rhodes*, 452 U.S. at 347.
[41]    *Grayson*, 293 F.3d at 114.

9

If Major chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his constitutional claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Major must leave one-inch margins on all four sides of his pleading.[42] He must also name proper defendants and *specify the offending actions or omissions by a particular defendant*. This step is particularly critical for Major, as his initial complaint is devoid of allegations that demonstrate Defendants' personal involvement in the purportedly unconstitutional conduct. Major must also indicate what constitutional provision is allegedly violated by Defendants' conduct such that the Court can ascertain what type of Section 1983 claim or claims he is asserting against a particular Defendant. He must sign the amended complaint and indicate the nature of the relief sought.

If Major does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

---

[42] *See* LOCAL RULE OF COURT 5.1.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Major's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Major may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge