# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AARON MAJOR,

      Plaintiff,

      v.

K. BRITTAIN, *et al.*,

      Defendants.

No. 4:25-CV-02156

(Chief Judge Brann)

## MEMORANDUM OPINION

### JUNE 12, 2026

Plaintiff Aaron Major filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by officials at the State Correctional Institution, Frackville (SCI Frackville) regarding his conditions of confinement. The Court dismissed Major's initial complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim but granted him leave to amend. Major filed an amended complaint, but that pleading does not cure the deficiencies in his Section 1983 claims. The Court will therefore dismiss Major's case with prejudice.

## I.    BACKGROUND

In his initial complaint, Major alleged that his Eighth Amendment rights were violated by being housed in a double cell that was not in compliance with

---

[1]    42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

certain prison standards.  He additionally raised an undeveloped Fourteenth Amendment equal protection claim.[2]

The Court screen his complaint as required by 28 U.S.C. § 1915A(a) and held that he had failed to state a claim for relief for multiple reasons.  First, Major had failed to allege personal involvement for any of the named Defendants.[3]  Next, the Court explained that Major had not plausibly alleged an equal protection claim because he had not identified other similarly situated prisoners who were treated differently than him without a rational basis.[4]  Finally, the Court dismissed his Eighth Amendment conditions-of-confinement claim because he had failed to allege (1) a sufficiently serious deprivation or (2) deliberate indifference by any Defendant.[5]

The Court granted Major leave to amend and provided him with specific directions for amendment.[6]  He timely filed an amended complaint,[7] which is the operative pleading in this action.  As part of that amended complaint, Major cites several exhibits that he attached to his initial pleading.  The Court will thus consider the cited exhibits during Section 1915A screening, as Major relies on those documents in his amended complaint.

---

[2]   *See* Doc. 10 at 4.
[3]   *See id.* at 5-6.
[4]   *See id.* at 6-7.
[5]   *See id.* at 7-9.
[6]   *See id.* at 9-11.
[7]   Doc. 12.

In his amended complaint, Major primarily asserts an Eighth Amendment claim of unconstitutional conditions of confinement.  He also appears to raise a Fourteenth Amendment procedural due process claim regarding the failure of a prison official to respond to his grievance.[8]  Major names seven defendants: Superintendent K. Brittain, Grievance Coordinator B. Lazusky, "CFMM2" S. Kane, T. Sokaloski, S. Kephart, Secretary of the Pennsylvania Department of Corrections (DOC) Dr. L. Harry, and the American Correctional Association (ACA).[9]  He seeks compensatory and punitive damages, as well as injunctive relief in the form of a transfer to a different prison and abatement of the allegedly unconstitutional conditions.[10]

## II.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[11]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[12]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to

---

[8]   *See id.* at 2.
[9]   *See id.* at 1-3.
[10]  *See id.* at 10.
[11]  *See* 28 U.S.C. § 1915A(a).
[12]  *Id.* § 1915A(b)(1).

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[13]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[13]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[14]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[15]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[16]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[17]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[18]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[20] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

Because Major proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[22]  This is particularly true when the *pro se* litigant, like Major, is incarcerated.[23]

## III.    DISCUSSION

Upon review of Major's amended complaint, he once again fails to state a claim upon which relief may be granted.  The Court will address his numerous pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal

---

[19]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21]   *Iqbal*, 556 U.S. at 681.
[22]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[23]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[24]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

involvement in the alleged misconduct."[25]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[27]

Major does not include any specific allegations of wrongdoing that would establish personal involvement by Dr. Harry, the Secretary of the DOC, in the purported constitutional violations.  As to Dr. Harry, Major broadly alleges only that she "oversees the policies governing over every state facility and the[ir] administrative staff."[28]  This is a quintessential assertion of vicarious liability (or *respondeat superior*), which does not apply to Section 1983 claims.  Accordingly, the Court must dismiss the Section 1983 claim (or claims) against Dr. Harry pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

---

[25]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[26]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[27]  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[28]  Doc. 12 at 3.

**B.      Claim Against American Correctional Association (ACA)**

In his amended complaint, Major sues the ACA, apparently for "collud[ing]" with the DOC regarding the size of cells at SCI Frackville.[29]  This Section 1983 claim targeting an outside, private agency is not legally viable and must be dismissed under Section 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[30]  Only "persons" are subject to suit under Section 1983; private agencies like the ACA do not qualify.[31]

Additionally, Major has not alleged any facts demonstrating that the ACA is a state actor for Section 1983 purposes.  Only state actors can be subject to Section 1983 liability.[32]  Major has proffered no plausible factual allegations for why this outside organization should be deemed a state actor or why its accreditation could

---

[29]   *See id.* at 4.

[30]   *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[31]   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (explaining that a state agency may not be sued under Section 1983 because it is not a "person"); *Metroka v. Pa. State Law Enforcement*, Nos. 23-2004, 23-2220, 23-2847, 2024 WL 4164272, at *2 (3d Cir. Sept. 12, 2024) (nonprecedential) ("[T]he Pennsylvania State Police is a state agency, not a person within the meaning of § 1983."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[32]   *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

be considered action "of the State itself."[33]  "Action taken by private entities with the mere approval or acquiescence of the State is not state action."[34]

For both the foregoing reasons, any Section 1983 claim against the ACA will be dismissed for failure to state a claim upon which relief may be granted.

### C.    Fourteenth Amendment Procedural Due Process

Major appears to assert a procedural due process claim against Grievance Coordinator Lazusky.  He alleges that he filed a grievance on October 10, 2025, but that Lazusky failed to respond to it, thereby violating his "due process."[35]

However, a prison official's failure to respond to a grievance or a complaint does not establish a constitutional violation.  It is well settled that prisoners have no free-standing constitutional right to an effective grievance process.[36]  Thus, Lazusky's alleged failure to respond to Major's October 10 grievance does not

---

[33]  *See Kach*, 589 F.3d at 646.

[34]  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citation omitted).

[35]  *See* Doc. 12 at 2, 4.

[36]  *See Davis v. Samuels*, 608 F. App'x 46, 48-49 (3d Cir. 2015) (*per curiam*) (nonprecedential) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)); *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (nonprecedential) (citing *Flick*, 932 F.2d at 729); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (nonprecedential) (quoting *Massey*, 259 F.3d at 647); *see also Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (noting that, while grievance procedures are "applaud[ed]," they are not "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

implicate a due process infringement because Major has not identified a Fourteenth Amendment protected interest that is at stake.[37]

Additionally, if Major is attempting to raise a First Amendment Petition Clause claim, he is also out of luck.  Although it is true that inmates have a First Amendment right to seek redress of grievances as part of their right of access to courts,[38] there is no concomitant First Amendment right to receive a response to a grievance or complaint.[39]

Consequently, Major has failed to plausibly state a Fourteenth Amendment procedural due process claim or a First Amendment right-to-petition claim against Grievance Coordinator Lazusky (or any other Defendant).

### D.  Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[40] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment

---

[37]  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill v. Borough of Kutztown*, 455 F.3d 225, 234-35 (3d Cir. 2006).

[38]  *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 297-99 (3d Cir. 2016)

[39]  *See Kerchner v. Obama*, 612 F.3d 204, 209 (3d Cir. 2010); *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004) ("[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances."); *see also Am. Bus Ass'n v. Rogoff*, 649 F.3d 734, 739 (D.C. Cir. 2011) ("Far from holding that the Petition Clause requires the possibility of a remedy, . . . the clause does not even guarantee[] a citizen's right to receive a government *response* to or official *consideration* of a petition for redress of grievances." (citation and internal quotation marks omitted)).

[40]  *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[41]

To state an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[42] Objectively, the inmate must allege that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[43]  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[44]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[45]  Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[46]

The thrust of Major's amended complaint is that he was purportedly subjected to unconstitutional conditions of confinement.  He first alleges that he was denied single-cell status.[47]  He additionally asserts that the double-occupancy

---

[41]  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[42]  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).
[43]  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[44]  *Id.* (citing *Farmer*, 511 U.S. at 834).
[45]  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[46]  *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[47]  *See* Doc. 12 at 5.

cells "fall short of the standards set by the American Correctional Association,"[48] apparently referring to the 2017 finding by the "Commission on Accreditation for Corrections" that SCI Frackville's general population cells are "three square feet short" of the "25 square feet of unencumbered space per occupant" required by the Commission for compliance with its standards.[49]  In a different section of his amended complaint, Major also raises the issues of the bunk beds not having a ladder or "roll bar," the lack of a sprinkler system or fire extinguishers, as well as the cells not having "emergency call buttons."[50]

The Court will assume, without deciding, that the circumstances Major alleges—when taken together—could rise to the level of a sufficiently serious deprivation.  Nevertheless, Major's amended complaint fails to state an Eighth Amendment claim because he has not plausibly alleged deliberate indifference by any Defendant.  That is, Major has not plausibly pled that any Defendant had knowledge of the multiple alleged conditions of confinement and acted with deliberate indifference toward a substantial risk of serious harm to him.

---

[48]   *See id.*

[49]   *See id.*; Doc. 1-2 at 9 (Exhibit "E"); Doc. 1-2 at 8 (Exhibit "D").

[50]   *See* Doc. 12 at 4, 7.  Major additionally discusses an incident that occurred in 2021, where he developed a blood clot in his leg, was taken to an outside hospital, and upon his return was placed in a psychological observation cell because SCI Frackville does not have an infirmary. *See id.* at 5.  He avers that he spent two weeks in this observation cell, which had a "urine and fecal matter stench," and during which time he was not permitted phone calls or showers.  *See id.*  Any Eighth Amendment conditions-of-confinement claim related to this 2021 incident is facially barred by the two-year statute of limitations for Section 1983 claims in Pennsylvania. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. § 5524(2).  Thus, any such claim must be dismissed under Section 1915A(b)(1).

11

The Court begins with Major's complaint of being housed in a double cell and being denied single-cell status.  He plausibly alleges that defendants Brittain, Kephart, and Sokaloski were aware that he was housed in a double cell and that these Defendants refused his requests for single-cell status.[51]  However, as the Court has already explained,[52] it is well-settled that double (and even triple) celling—in itself—is not per se unconstitutional.[53]  Thus, the denial of a request for a single cell and the mere knowledge that a prisoner is double-celled—without more—does not implicate deliberate indifference to a prisoner's health or safety.

Major next alleges that the general population cells at SCI Frackville are too small, apparently falling 3 square feet short of the 25 square feet recommended by the ACA's Commission on Accreditation for Corrections.  He plausibly alleges that CFMM2 Kane was aware of this space issue because Kane sought a waiver for the noncompliance in January 2020.[54]  Again, however, Kane's alleged conduct of

---

[51]   *See id.* at 5-6.

[52]   *See* Doc. 10 at 8 & n.37.

[53]   *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996); *see also Hubbard v. Taylor*, 538 F.3d 229, 232-36 (3d Cir. 2008) (holding that triple celling pretrial detainees for three to seven months did not violate the Due Process Clause of the Fourteenth Amendment); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("It is clear that double or triple celling of inmates is not *per se* unconstitutional."); *Camps v. Giorla*, 843 F. App'x 450, 452-53 (3d Cir. 2021) (nonprecedential) (triple celling pretrial detainees did not violate Fourteenth Amendment); *Parkell v. Morgan*, 682 F. App'x 155, 158 (3d Cir. 2017) (nonprecedential) (same); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (nonprecedential) (noting that triple celling is not *per se* unconstitutional and holding that triple bunking inmate, in the absence of other unconstitutional conditions, did not amount to an Eighth Amendment violation); *McCree v. Sherrod*, 408 F. App'x 990, 992-93 (7th Cir. 2011) (holding that triple celling does not "constitute cruel and unusual punishment per se").

[54]   *See* Doc. 12 at 3, 6; Doc. 1-2 at 8 (Exhibit "D").  Although Major alleges that Brittain, Kephart, and Sokaloski were also aware of this compliance issue, his allegations in this regard are

12

seeking a waiver for the square footage shortfall at SCI Frackville (due to "SCI Frackville being constructed in 1986" and thus "a physical plant change is not possible")[55] does not reflect deliberate indifference to a serious risk of harm to prisoners in general or to Major specifically. As the Court previously held, this condition alone simply does not implicate "wanton and unnecessary infliction of pain,"[56] and thus Kane could not have acted with the scienter necessary to violate Major's Eighth Amendment rights.

As to the other alleged cell conditions (*i.e.*, the lack of a ladder or roll bar on the bunk bed, the absence of an emergency call button in the cells, and the lack of certain fire safety devices), Major's amended complaint is completely silent regarding any Defendant being aware of or being made aware of these purported conditions. The amended complaint is also completely silent as to any Defendant acting with deliberate indifference toward Major's health or safety by failing to address these alleged conditions.

In sum, Major's Eighth Amendment conditions-of-confinement claim falls short at the second element because he has failed to plausibly allege deliberate indifference by any Defendant to a serious risk to Major's health or safety. The

---

entirely speculative and conclusory. *See* Doc. 12 at 6 (stating, in conclusory fashion, that "Brittain, Kephart and Sokaloski were made aware of *or should have been made aware of* the cells in '**their**' facility" falling short of "the standards set by the American Correctional Association" (first emphasis added)). This is the standard for negligence, not deliberate indifference.

[55]  *See* Doc. 1-2 at 8 (Exhibit "D").

[56]  *Rhodes*, 452 U.S. at 347.

few conditions that Major plausibly claims SCI Frackville officials were aware of and disregarded are not the type of unconstitutional deprivations of life's necessities that could put a prisoner's health or life in jeopardy. As such, no Defendant could have acted with the requisite deliberate indifference to a substantial risk of serious harm to Major by undertaking the actions alleged in the amended complaint. Major's Eighth Amendment conditions-of-confinement claims, therefore, must be dismissed.

### E.    Official Capacity Claims

Major sues all Defendants in their official capacities. However, any official capacity claim seeking monetary damages from state officials is barred by Eleventh Amendment sovereign immunity. Additionally, the official capacity claims fail because there is no underlying constitutional violation alleged.

The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United States citizens or citizens of foreign states—brought against a state.[57] This immunity from private suit extends to state agencies as well as state officials acting in their official capacity, because such lawsuits are essentially civil actions "against the State itself."[58] States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its

---

[57]  U.S. CONST. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

[58]  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

14

immunity with respect to claims brought under Section 1983.[59]  There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief."[60]

Major seeks compensatory and punitive damages.  To the extent these monetary damages are sought against state-actor Defendants in their official capacities, such claims are barred by Eleventh Amendment sovereign immunity. And while Major also seeks prospective injunctive relief, because he has failed to allege an underlying constitutional violation, his official capacity claims for injunctive relief fail, too.

### F.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[61]  Further leave to amend will be denied because Major has failed to cure numerous deficiencies with his pleadings

---

[59]  *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).

[60]  *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)).

[61]  *Grayson*, 293 F.3d at 114.

even after "amendments previously allowed."[62]  The Court will therefore dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Major's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[62]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").